F. P. Moody *et al.*, plaintiff in error, *vs.* A. G. Ronald-
son, administrator, defendant in error.

1. Under section 4005 of the Revised Code, the administrator of the
   deceased landlord may make the affidavit and institute the proceedings
   to dispossess a tenant who holds over.
2. When the affidavit is made by the administrator, a counter-affidavit
   filed by the tenant, that he does not hold the premises either by lease,
   rent, at will, by suffrance, or otherwise, from said Ronaldson (the
   administrator) or from any one *under whom he claims the premises*,
   or from any one claiming the premises under him, is a sufficient com-
   pliance with the statute, and it was error in the Court to refuse to
   allow the issue thus presented to be submitted to a jury, and to order
   the sheriff to proceed to dispossess the tenant.

Landlord and tenant.    Decided by Judge CLARK.    Sum-
ter Superior Court.    April Term, 1869.

Ronaldson, as administrator of Josiah Moody, made an
affidavit that his intestate leased a certain lot of land to Mrs.
"F. P. Moody and her child, Edward Moody," for a term
which had expired, and that they, upon demand made, had
refused to give him possession of the premises.    Process
issued to put them out, and Mrs. Moody tendered to the
sheriff her counter-affidavit, in which she swore that she
did "not hold the premises, either by lease, rent, at will, by
suffrance or otherwise, from the said Andrew J. Ronaldson,
or from any one under whom he claims the premises, or
from any one claiming the premises under him," and gave
bond accordingly, signed by her only.    The bond and affi-
davit were witnessed by the Judge of the Superior Court.
The sheriff took this affidavit and bond and returned the
cause to Court.

When the cause came on for trial, plaintiff's attorney
moved to dismiss said affidavit and bond of Mrs. Moody,
because it was not according to the statute for such cases
provided.    Her counsel said it was sufficient, but proposed,
if the Court thought it insufficient, to amend it by inserting
after "Ronaldson" the words "either personally or as ad-
ministrator of said estate," and also produced and proposed

Moody *et al.*, *vs.* Ronaldson.

to file the affidavit and bond of said Edward Moody according to law. The Court refused to allow the amendment made, or to allow Edward Moody's affidavit and bond to be filed.

The defendant's attorney then moved to dismiss the original proceeding upon the ground that such proceedings could not be instituted by an administrator. The Court overruled this motion, and ordered the sheriff to proceed to eject Mrs. Moody and her son, and to put said Ronaldson in possession.

The refusal to allow the amendment, to allow the affidavit and bond of the son to be filed, to dismiss the proceeding and his final order, are all assigned as error.

HAWKINS & BURKE, for plaintiffs in error.

N. A. SMITH, for defendant in error, cited Code, secs. 2220, 2449; *Conyers vs. Kennon,* 1 *Kelly,* (*Ga. R.,*) 379; *Coffee vs. Flannagan, Ib.,* 541; *Richardson et al., vs. Harvey, administrator,* 37 *Ga. R.,* 224, as to administrator's right to recover the land. He said the affidavit and bond were bad because by Mrs. Moody only when the proceeding was against her and another, and was witnessed by the Judge of the Superior Court instead of the sheriff; Code, secs. 4006, 4007: Amendment was not allowable, Code, secs. 3430, 3453, *Cardin vs. Standley,* 20 *Ga. R.,* 105; *Perry vs. Martin,* 26 *Ga. R.,* 477; *Beall vs. Blake,* 13 *Ga. R.,* 217.

BROWN, C. J.,

1. Under section 4005 of the Revised Code, when a tenant holds over, the owner, his agent, or attorney at law, or attorney in fact, may demand possession of the premises, and if the tenant refuses or omits to deliver the possession when so demanded, may go before the Judge of the Superior Court, or any Justice of the Peace, and make oath of the facts. When said affidavit has been made, the next section provides that the officer before whom it is made, shall grant and issue a warrant or process, directed to the sheriff or his deputy, or any lawful constable of the county where the land lies, com-

manding and requiring him to deliver to the owner or his representative, full and quiet possession, etc.

We think a just and fair construction of these sections authorizes the administrator of a deceased owner, who represents him, and is, in fact, for the purposes of paying debts and of distribution, the legal owner of the lands of the estate which he represents, to make the affidavit, and institute the proper proceeding to expel the tenant who holds over, and refuses to surrender the possession on demand.

2. Section 4007 provides that the tenant may arrest the proceedings and prevent the removal of himself and goods from the land by declaring, on oath, among other things, " that he does not hold the premises, either by lease or rent, or at will, or by suffrance, or otherwise, from the *person* who made the affidavit on which the warrant issued, or from any one *under whom* he claims the premises, or from any one claiming the premises under him.    The counter-affidavit of the tenant in this case, followed the language of the statute as above quoted, and was, in our opinion, sufficient.    As we hold that the administrator, as the representative of the owner, and for certain legal purposes himself the owner, may make the original affidavit, and commence the proceeding, it follows that the tenant may treat him as owner, in the counter-affidavit, and he has no right to complain.    The affidavit, in this case, states not only that the tenant does not hold by lease, etc., from said Ronaldson, (the administrator,) but that she does not hold from any one under whom he claims the premises. This is all the statute requires.    We think the Court erred in dismissing the affidavit of the tenant, and in ordering the sheriff to put the administrator in possesson.    The issue, made up by these affidavits, should have been submitted to a jury, as required by law.

Judgment reversed.