CLIFFORD *v.* GRESSINGER *et al.*

SIMMONS, C. J.—1. Under a written contract whereby the owner of land rented the same to another for a term of years at a stipulated rent, to be paid annually in cotton or its equivalent in money, the tenant also to pay all taxes and to make certain improvements upon the land during the rent term, although the contract also contained a provision that the tenant should, at the expiration of the rent term, have an option to purchase the land at a named price and upon specified terms as to time of payment, the relation of landlord and tenant existed between the parties during the continuation of the rent term, and upon the tenant's failure to pay the stipulated rent for any year when it became due, it was the right of the landlord to sue out a warrant under §§4077 *et seq.* of the code, for his summary ejection.

2. Under the facts disclosed by the record in this case, there was no error in refusing to grant an injunction restraining the landlord from proceeding with the warrant for the ejection of the tenant.

April 15, 1895.                              *Judgment affirmed.*

Petition for injunction. Before Judge BECK. Butts county. March 6, 1895.

On December 30, 1893, a contract was made whereby Gressinger leased to Clifford a plantation for a term of five years, to be cultivated for agricultural purposes. It was stipulated that Clifford should have the option to purchase the land after the expiration of the lease and rent term, by paying Gressinger $1,050 on January 1, 1899, and on the same day executing three notes for $900 each, due one, two and three years thereafter; that after the

payment of these notes, Gressinger should make to
Clifford a deed in fee simple; that Clifford "hereby
leases and rents" of Gressinger the lands subject to the
restrictions mentioned in this contract, and for such
lease and rent term agrees to pay Gressinger on October
14, 1894, and on the same date every year thereafter
until the lease term has expired, eight bales of cotton of
500 pounds each; that if the cotton was not delivered as
stated, its equivalent in money should be paid; that Clif-
ford should pay all taxes on the land during the term of
the lease; and that he should plant out five acres in a
vineyard each year until he had planted twenty acres,
and should pay all expenses of improvements of the
land during the lease and rent term, all such improve-
ments to become a part of the realty and to remain on
the land. Clifford went into possession and commenced
to cultivate the land, and during 1894 planted five acres
in grapevines and fruit-trees and made other improve-
ments at considerable expense, with the *bona fide* pur-
pose of purchasing the place under the contract. For
want of sufficient means and from unfavorable seasons
and other causes, the yield of cotton that year was
not enough to pay the rent stipulated; and the expense
of running the farm was greater than the profit thereof.
Hoping to regain in the remaining four years what was
lost, he proceeded to provide for cultivating the land for
1895, by contracting with competent and responsible
persons for eleven 500 pound bales of cotton free of ex-
pense to him; but Gressinger by his attorney interfered
with the tenants so contracted with, telling them that if
they rented from Clifford they would have to pay the
rent twice, and had better not comply with their con-
tracts; and thereby prevented such persons from using
the property to Clifford's advantage. Gressinger also
sued out a distress warrant and a warrant to evict Clif-
ford, on the ground of his failure to deliver the cotton

as rent under the contract, or to pay its equivalent in money.   Thereupon Clifford brought his petition to restrain Gressinger and the sheriff from dispossessing him, alleging that Gressinger was insolvent, and that he had no legal remedy to evict Clifford, but under the contract could only proceed against him for the value of the rental cotton.   The injunction was denied.

J. W. PRESTON and RAY & RAY, for plaintiff.

ANDERSON & CURRY and Y. A. WRIGHT, for defendants.