## GRIFFITH v. COLLINS.

1. When a person holds possession of lands under a contract of purchase, he can not be dispossessed by summary proceedings against him as a tenant.
2. Where an agreement was made for the sale of land and it was stipulated that. if the vendee did not comply with its terms he was to pay rent, and a tender subsequently made by the vendee was rejected by the vendor on the grounds that it did not comply with the latter's erroneous construction of the contract and that he was in no position to make a deed, because of a security deed already made by him to a third party, the fact that the amount tendered may not have been the exact sum required under the contract did not change the relation of the parties from that of vendor and vendee to that of land-lord and tenant.
3. No material error was committed with regard to the questions which are indicated above and which are the controlling questions in the case.

Argued October 7, — Decided October 30, 1902.

Affidavit to evict tenant.    Before Judge Russell.    Oconee superior court.    January 28, 1902.

*A. S. Erwin, B. E. Thrasher,* and *J. J. Strickland,* for plaintiff.
*E. T. Brown* and *W. M. Smith,* for defendant.

SIMMONS, C. J.    In January, 1897, Griffith instituted summary proceedings to dispossess Collins of certain described lands of which Collins was alleged to be in possession as a tenant holding over. Collins made a counter affidavit in which he averred that he did not hold the land under any lease or contract of rent or otherwise as the tenant of Griffith.    Griffith then amended his pleadings by alleging that he and Collins had entered into a written agreement in regard to the lands, that by mistake of the scrivener and of the parties the writing did not speak the true intention of the parties, and that under the real contract Collins was to become the purchaser of the lands by making certain payments therein stipulated, or, in the event of a failure to make these payments, to pay rent as a tenant.    He prayed a reformation of the contract.    Upon the trial the evidence showed that in 1892 or 1893 Collins, as the tenant of Griffith, went into possession of most of the land here involved.    He rented the land from year to year until the fall of 1895, when he made a contract of rent for the year 1896.    In January, 1896, the parties entered into the following written contract, which was signed by Griffith:    "This is to certify that I agree to sell Mr. J. P. Collins my home place containing 350 acres, at $7.00·

per acre, at ten per cent. interest in ten payments; but Mr. Collins is to pay one third and one fourth should he fail to make payments as above. And if the said Collins pays the full amount of the ten payments in one, then I agree to give him $250.00, a suit of clothes, and a buggy. Said land is bounded as follows:" etc. On August 26, 1896, Griffith wrote Collins a letter in which he asked Collins to bring him some cotton to be applied either to rent or "on land" as Collins might prefer. Collins does not appear to have made any payment whatever. The land was surveyed, at the request of both parties, at different times, and found by the last survey to contain about 346 acres. On October 10, 1896, Collins, through his attorney, tendered Griffith $2,500 out of which Griffith was to take enough to pay for the land. Griffith claimed that under the contract he was at once entitled to seven dollars per acre and also to the full amount of ten years' interest at ten per cent. per annum; he also stated that he had already made to a third party a security deed to the land, and was therefore in no position to convey the land to Collins; and he refused the tender on both these grounds and on no other. A few days later the attorney for Collins prepared a deed to the land and again made a tender to Griffith. The second tender was of a certified check, but this Griffith expressly waived, refusing the tender for the reasons stated when the first tender was rejected. Griffith testified that he understood the contract to mean that, no matter when payment was made, he was entitled to the principal and to ten per cent. interest for the full term of ten years, without discount. Collins testified that at the time the contract was made both parties had understood and agreed that, under it, he was to pay seven dollars per acre for the land, together with interest at ten per cent. up to the time of payment; and that no part of the purchase-price was to bear interest after the time of its payment. The evidence also showed without contradiction that by the words, "at ten per cent. interest in ten payments," it was intended that the interest should be at the rate of ten per cent. per annum and the payments annual; and also that the stipulation as to the payment of "one third and one fourth," in the event of a failure to purchase, meant that Collins should, in such event, pay rent as a tenant, the rental being one third of certain of the farm products made and one fourth of the others. The jury found for the defendant, and the plaintiff moved for a new trial. To the judgment overruling his motion he excepted.

1. The sole question involved in the present case is whether Collins was a tenant of Griffith at the time this proceeding against him was instituted. The law gives this remedy in no case in which the relation of landlord and tenant does not exist. If Collins, in January, 1897, was in possession of the lands as a tenant holding over, then the verdict should have been for the plaintiff; while if Collins held the lands under a contract of sale and as a purchaser, the jury's finding for the defendant was correct. The controlling issue was, therefore, whether or not the relation between the parties was that of landlord and tenant.

2. It was argued by counsel for the plaintiff in error that the writing set out above lacked the certainty requisite to a contract, and was not binding; and that therefore the relation of landlord and tenant continued between the parties under their prior contract made in the fall of 1895. This we think is not true. The writing did not constitute a sale of the land, but it was an agreement to sell, and was so treated by Griffith in his pleadings. Both parties had acted upon it as such an agreement, and as long as they did so the relation between them was not that of landlord and tenant. The parties intended the instrument as an optional contract or agreement under which Collins could purchase the land or hold it as tenant; and when he made a tender to Griffith and thereby placed himself in the position of one attempting to close the option to purchase, no refusal on the part of Griffith could place Collins in the attitude of a tenant. Under the contract Collins held the land as a purchaser unless and until he should, by a failure to pay or in some other way, elect to hold it as a tenant. In the absence of anything to show such an election, he would continue to hold as purchaser. Whether the tender made was of an exactly correct amount is of no moment, for it was refused by Griffith on grounds which show indubitably that the offer would have been declined whether correct or not. One of these grounds was that Griffith was entitled to seven dollars per acre for the land, and, in addition thereto, ten per cent. per annum interest for the full period of ten years, although the payment were made the first year; the other was that he had already conveyed the land to a third party and was in no position to make a deed to Collins. We are clear that Griffith was not entitled to interest at the rate of ten per cent. per annum, and that, whatever the rate, he was en-

titled to no interest beyond the time of the tender. The rejection of the tender on the ground first stated made it apparent that a technically correct and exact tender would have been refused; while the second objection stated showed that any tender which could have been made would have been ineffectual. For these reasons we think Collins by his tender clearly indicated an intention to close the option to purchase, and could not be held to have relinquished his right to purchase and to have elected to hold the land as tenant. Not holding the land as tenant, he could not be ejected by the summary process instituted against him. Whatever may be the rights of the parties in other respects, it is clear that Griffith can not maintain against Collins proceedings which are applicable only where the relation of landlord and tenant exists.

. 3. The trial judge committed no material error which could have affected the decision of the above and controlling issues in the case. Whether error was committed with respect to other questions made, it is unnecessary to decide; for if the relation of landlord and tenant did not exist between the parties, a determination of this case in favor of Collins was inevitable.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*