*Maddox & Doyal,* for plaintiff. *M. B. Eubanks,* for defendant.

---

## CRAWFORD *v.* CATHEY.

The contract examined, and construed to be a lease, with an option to the lessee to buy at a stipulated price, exercisable at the end of the lease, upon the lessee's full performance of the lease contract. The stipulated annual rent was enforceable by distress warrant.

APRIL 23, 1915.

Injunction. Before Judge Wright. Chattooga superior court. December 29, 1914.

R. M. Crawford and Albert Cathey, on November 1, 1913, entered into a written contract, executed in duplicate, containing in substance the following covenants and stipulations: Crawford hereby leases to Cathey for the period of five years, beginning November 1, 1913, and ending November 1, 1918, certain described land in consideration of five annual payments to be made by Cathey to Crawford, as follows: November 1, 1914, $342; November 1, 1915, $326.80; November 1, 1916, $311.60; November 1, 1917, $296.40; November 1, 1918, $281.20. Cathey agrees to accept and hold the premises under the terms of the lease, and covenants to pay all taxes, insurance, assessments, and all other charges of every kind which may arise by operation of law or otherwise against the property, and to make all repairs and improvements thereon at his own expense, and to keep the same in a safe condition and well cultivated, and, in the event of injury to or destruction of any of the buildings on the property, to repair and restore the same at his own expense. Cathey covenants that he shall be charged with the custody, control, and management of the premises, and that Crawford shall in no wise be charged with any duty to him or his tenants or agents, or to the general public, but as to all such persons Cathey shall be solely responsible. Cathey covenants, in the event of default in the payment of any note, to pay interest thereon at the rate of eight per cent., and to pay reasonable attorney's fees to Crawford in case any action to enforce his rights under the lease should be brought. In the event of default in the payment of taxes or assessments against the property by Cathey, or the filing of any lien against the property, Crawford has the right to take up the same, though he is not bound to do so; and such sum, together with interest thereon at eight per cent. per annum until paid, shall be immediately added to any sums due or to become due under the contract, and Crawford shall be entitled to recover the same as he would any other sum due under the contract. In the event of default in any of the terms of the lease, either in the payments stipulated or any other obligation thereunder by Cathey, Crawford shall thereupon have and be entitled to exercise all the rights and remedies provided for landlords under the laws of Georgia. On the 1st day of November, 1918, Cathey, his heirs, representatives,

or assigns, shall have the right and privilege, in the event that he has fully paid all sums due under the contract of lease and complied fully with all the other stipulations, to pay to Crawford the additional sum of $950, and Crawford binds himself, his heirs and assigns, to execute to Cathey, his heirs and assigns, a full quit-claim deed to the land described in the contract. Cathey paid to Crawford $100, entered into immediate possession of the land, and cultivated it for the year 1914. He failed to pay the note due November 1, 1914, and Crawford sued out a distress warrant to collect the same. Thereupon Cathey filed his petition against Crawford, alleging, that the contract was one of purchase, and that the relation of landlord and tenant did not exist by virtue thereof; that on the faith of his contract he had erected valuable improvements to the extent of $100; that he had never attorned to Crawford as landlord, and Crawford had no right, under the contract or otherwise, to sue out a distress warrant; and that the levy of the distress warrant upon his crop constituted irreparable injury. He prayed for injunction against the further progress of the distress warrant. Crawford filed an answer, alleging, that Cathey had defaulted in the payment of the rent stipulated in the contract; that as landlord he had made to Cathey certain advances; that his right to enforce payment of the sums due him as landlord exists, both under the contract and under the law. The court granted an interlocutory injunction against Crawford; and he excepted to this judgment.

*J. M. Bellah,* for plaintiff in error.

*Graham Wright* and *Denny & Wright,* contra.

EVANS, P. J. (After stating the foregoing facts.) Courts do not make contracts for parties. Where a written contract is plain and unambiguous, it is the only evidence of what the parties intended and understood by it. No issue is raised in the pleadings that the written contract did not express the intention and purpose of the parties to it. The rights of the parties primarily depend upon a construction of their contract as creating the relation of vendor and vendee or that of landlord and tenant. It seems to be a rule of all but universal application that a provision in an instrument of lease, giving the lessee an option to purchase the reversion in the premises should he so desire, in no way affects the relation of landlord and tenant, or the latter's liability for rent. 2 Tiffany's Landlord and Tenant, § 256. The parties designated

their contract as one of lease. They expressly stipulated that the lessor should have all the rights and remedies provided for landlords under the laws of this State. The consideration of the five annual payments was the right to occupy and use the land. The parties seem to have been careful that the relation of landlord and tenant should not be converted into that of vendor and vendee, pending the continuance of the lease contract. An option to purchase was given to the lessee at the end of his tenancy, upon condition that he had made his annual payments and performed his obligations in terms of the contract. A contract very similar to this was before the court in *Clifford* v. *Gressinger*, 96 *Ga.* 789 (22 S. E. 399). In that case it was held, that, upon the tenant's failure to pay the stipulated rent for any year when it became due, it was the right of the landlord to sue out a warrant under the code for his summary ejection, and also to distrain for the rent. We think the ruling in that case compels a construction that the contract between the parties in this case was a lease with an option to buy, and that the landlord was entitled to enforce the collection of his rent by distress warrant.

Counsel for the defendant in error, in their brief, place great reliance on the case of *Lytle* v. *Scottish American Mortgage Company*, 122 *Ga.* 458 (50 S. E. 402), as demanding a construction that the contract in this case created the relation of vendor and vendee. In the *Lytle* case the parties thereto characterized their contract as a "land contract." That contract called for ten payments aggregating $1,260, designated as purchase-money, and ten payments aggregating $2,750, designated as rental, and provided that upon the payment of these sums conveyances in fee should be executed; and it was held that such contract created the relation of vendor and vendee, and not that of lessor and lessee. The distinction between the contract in that case and the one under consideration is obvious. In the former the person contracting for the land contracted to pay a certain amount as purchase-money and a certain amount as rent, and, after obtaining possession, made payments of both purchase-money and rent installments. The landowner claimed a forfeiture on account of a failure to make these payments under the terms of the contract, and the issues in that case revolved around the effort to declare a forfeiture. In the instant case, according to the contract, no money was contracted to

be paid to the landlord as purchase-money. The tenant was given an option to buy at the expiration of the lease contract. On the interlocutory hearing no evidence was introduced except the written contract between the parties, and the case was heard upon this evidence and the pleadings. The plaintiff in error having the right to enforce his claim of rent against the tenant by distress warrant, it was error, in the absence of any other equitable consideration, to enjoin its enforcement.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*