SPOONER *v.* SHELFER *et al.*

The contract (set out in the statement of facts) examined, and construed to be a lease with an option to the lessee to buy at the stipulated price, exercisable within the time specified during the term of the lease, upon the lessee's full performance of the terms of the contract; and after the expiration of the rent term it was the right of the landlord to sue out a warrant, under sections 5385 et seq. of the Civil Code, for the tenant's summary eviction.

No. 2529. OCTOBER 14, 1921.

Petition for injunction. Before Judge R. C. Bell. Decatur superior court. March 10, 1921.

On March 9, 1920, N. H. Shelfer and Mrs. Julia M. Spooner entered into a written contract, executed in duplicate, by the terms of which Shelfer agreed to " rent, let and lease " certain land to Mrs. Spooner, in consideration of $1000 paid, for the remainder of the year 1920, " and up to the first day of January, 1921." In consideration of the cash payment Shelfer further agreed to make no additional charge for the use of the land " during the time that the said Mrs. Spooner has been in possession

of the same prior to the execution of this agreement." The contract stipulated: "It is further agreed and understood that the said Mrs. Julia M. Spooner shall have the right and privilege of converting this lease into an agreement on the part of the said N. H. Shelfer to sell and deed to her said above-described property for the sum of . . $6500, by paying in cash to the said N. H. Shelfer, on or before the first day of May, 1920, the sum of $2250, and contemporaneously therewith executing and delivering to him her promissory note of the date the option is exercised, and due July 1, 1920, for the principal sum of $3250, with interest from date at the rate of eight per cent. per annum, with ten per cent. of principal and interest as attorney's fees, if collected by law. . . In the event the option to purchase said property is exercised under the terms herein stated, then and in that event the one thousand dollars cash this day paid as rental shall be applied on the purchase-price;" and the payment of the sums aforesaid, as specified, "shall be in full consideration of the deed." The contract further provided that it was "clearly and expressly understood and agreed that the option to buy said property shall be exercised only in the manner herein prescribed," and that "in the event the said Mrs. Spooner does not exercise her option to buy said property on or before the said first day of May, 1920," by paying the sum named in cash and by executing the promissory note as aforesaid, "then and in that event the option herein expressed shall become null and void, and the one thousand dollars this day paid shall be in consideration and only in consideration of the rental of said property up to the first day of January, 1921," on which date Mrs. Spooner agreed to surrender the premises "in as good condition as when she took possession of the same, usual wear and tear excepted." The contract recited that it "expresses the full and complete agreement between the parties hereto, and that no verbal interpolations can be inserted or insisted upon at any time by either of said parties." Mrs. Spooner paid to Shelfer $1000 and entered into or remained in possession of the land. She did not pay or offer to pay the $2250 on or by the first day of May, 1920, and she did not execute and deliver or offer to execute and deliver to Shelfer her promissory note for $3250, due July 1, 1920, as stipulated in the contract. Mrs. Spooner remained in possession of the land until February

22, 1921, on which date Shelfer sued out a warrant to evict her as a tenant holding over. Thereupon Mrs. Spooner filed her petition against Shelfer, alleging, that the contract was one of purchase and that the relation of landlord and tenant did not exist by virtue thereof; that she had paid the $1000 cash, whereas the reasonable value of the premises for rent for the year 1920 was not more than $294; and that she was making every effort to dispose of other property belonging to her (and of the value of $5000) in order to enable her to pay the purchase-money as stipulated in the contract. She prayed for injunction against the further progress of the warrant to evict. Shelfer filed an answer, alleging that the relation between the parties was that of landlord and tenant; that Mrs. Spooner had not exercised the option to purchase; and that his right to evict her as a tenant holding over exists, both under the contract and under the law. The plaintiff testified that she was making a bona fide effort to sell certain property owned by her, for the purpose of paying the defendant, but that she had been unable to sell her property on account of the general financial depression, and consequently had not paid the defendant the $2250 at the time of the suing out by the defendant of the warrant to evict, or at the date of the hearing. That the written contract expressed the purpose and intention of the parties to it was admitted; but she contended that the relation of the parties under the contract was that of vendor and vendee, and not that of landlord and tenant. The court denied an interlocutory injunction, and Mrs. Spooner excepted.

*W. V. Custer,* for plaintiff. *Erle M. Donalson,* for defendants.

GEORGE, J. (After stating the foregoing facts.) It is not contended that the written contract did not express the intention and purpose of the parties to it. The contract is plain and unambiguous. It is the only evidence of what the parties intended and understood by it. In these circumstances the whole duty of the court is to construe the contract. That the provision in the lease giving the lessee an option to purchase the premises, if she so desired, in no way affected the relation of landlord and tenant, or the former's right to evict the latter if she held over and beyond her term; must be considered as settled. *Clifford* v. *Gressinger,* 96 *Ga.* 789 (22 S. E. 399) ; *Crawford* v. *Cathey,* 143 *Ga.*

403 (85 S. E. 127). The parties designate their contract as one of lease. By its plain terms it is such. Mrs. Spooner was also given an option to buy during the term of the lease. The consideration paid was for the use of the premises to the end of the term stipulated, and, it would seem, for the option to purchase. But Mrs. Spooner was not bound to purchase. She did not obligate herself to pay $2250 on or by May 1, 1920, and to execute and deliver to Shelfer her promissory note for $3250 due and payable July 1, 1920. The consideration paid may be in excess of the fair rental value of the premises for the term stipulated; but Mrs. Spooner obtained not only the right to use and occupy the premises but the privilege and the power to buy the premises upon the terms stated. If the contract expresses the true intention and purpose of the parties to it, Mrs. Spooner was not entitled to an injunction. The case of *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (50 S. E. 402), does not demand a construction that the contract in this case creates the relation of vendor and vendee. That case does not authorize us to so construe the contract here involved. The distinction between that case and the case at bar is clearly pointed out in *Crawford* v. *Cathey*, supra. Under the cases of *Crawford* v. *Cathey* and *Clifford* v. *Gressinger*, supra, we are compelled to construe the contract between the parties in this case as a lease with an option to buy. Mrs. Spooner never having exercised the option, the relation of landlord and tenant continued, and the landlord had the right to evict the tenant holding over beyond the term.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent on account of sickness.*