SPOONER *et al. v.* DYKES.

GILBERT, J.  1. Under authority of *Crawford* v. *Cathey,* 143 *Ga.* 403 (85 S. E. 127), *Spooner* v. *Shelfer,* 152 *Ga.* 190 (108 S. E. 773), and authorities therein cited, the contract upon which the result of this case turns is construed to be a lease and option to the lessee to buy at the stipulated price, exercisable within the time specified during the term of the lease, upon the lessee's full performance of the terms of the contract.

2. The intention of the parties is determined from a consideration of the entire contract. *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458 (50 S. E. 402); *Benson* v. *Johnson,* 163 *Ga.* 434 (136 S. E. 317).

3. The evidence will not support a finding that Dykes elected to exercise the option, provision for which is made in the contract. There is no evidence to support a finding that Dykes ever exercised the option to purchase by binding himself to pay the entire purchase-price. Until such, he maintained the relation of lessee, with the option to purchase. The contract provided for the option to purchase, provided he [Dykes] "has faithfully performed and kept all the conditions, terms, stipulations, and agreements set out in this lease contract." It does not appear that he had made all of the payments which he agreed to make for the year 1931. Such being the case, for the purposes of the interlocutory hearing the contract must be treated as creating the relation of landlord and tenant, and not of vendor and vendee.

4. The provision in the lease giving the lessee an option to purchase the premises in no way affects the relation of landlord and tenant, or the right of the landlord to a ·distress warrant to collect the rent from the tenant as provided by law in such cases.

*Judgment reversed. All the Justices concur.*

No. 8817. APRIL 16, 1932.

*J. T. Goree* and *R. L. Cox,* for plaintiffs in error.
*W. V. Custer & Son,* contra.