22413.   GRIFFETH *et al. v.* WILMORE.

DECIDED NOVEMBER 19, 1932.

*Rupert A. Brown, Clarence E. Adams,* for plaintiffs in error.
*Erwin, Erwin & Nix, William S. Shelfer, R. Howard Gordon,* contra.

SUTTON, J.   On January 22, 1931, James Wilmore instituted dispossessory proceedings under section 5385 of the Civil Code against D. E. Griffeth, Mrs. Bessie Griffeth, and Miss Ella Sorrow, as tenants.   The defendants arrested the proceedings by counter-affidavit, setting up that they did not hold the premises from the

plaintiff or from any one under whom the plaintiff claims. They offered an amendment to the counter-affidavit, in which they set up in substance that they were not tenants of the plaintiff, did not owe him any rent, and were not holding possession by lease, as tenants at will or by sufferance from plaintiff; that on January 2, 1930, they entered into a contract with the plaintiff wherein he agreed to sell them the property described in the dispossessory proceedings, together with certain other property; that they paid part of the purchase-price, and the balance was to be paid in installments; that this contract was one of sale and not a lease, and defendants do not hold as tenants but as purchasers; that they have held possession of the property under this contract since the execution thereof, and from time to time have made improvements thereon and paid the taxes and fire insurance thereon; that at the time the first installment of the purchase-price became due, they called the plaintiff's attention to a recorded mortgage against the property, which was due and unpaid; that they offered to pay the plaintiff the amount due under the contract, provided he would clear the premises of this mortgage and execute to them a good warranty deed; that they desired to carry out the contract and tendered to plaintiff the amount of principal and interest due, less the amount of this outstanding mortgage; that plaintiff would not accept the same and refused to pay off the mortgage; and that should the court hold that the defendants had defaulted in the payment of the purchase-price under the contract and allow the plaintiff to rescind the contract, they were entitled to reimbursement for $200 paid on the purchase-price, $216 paid by them as taxes on the property, $64.75 paid by them for fire insurance, $25 for repairs, and $50 for repairing certain personalty included in the contract. The defendants attached a copy of this contract to their amendment, the same containing a provision to the effect that if the defendants defaulted in the payment of any installment of the purchase-money, the amount theretofore paid by them should be applied as rent of the premises, and the contract of sale should be terminated; and nowhere in the contract is there any provision which would tend to show that the intent of the parties was that the contract was a lease, other than the provision just referred to. The plaintiff demurred to the amendment, on the ground that certain allegations therein were conclusions of law, and on the ground that the date

of the making of the improvements, payment of taxes, and payment of fire insurance was not given, and upon the ground that it did not show that a sufficient tender had been made, nor allege the place of tender, or that it was a continuing one. There were other grounds of special demurrer, which are not essential to a decision of this case, in the view we take of it. All the grounds of demurrer were special in their nature. On January 19, 1932, the defendants offered an amendment to this amendment, giving in detail the amount of taxes, insurance, and cost of improvements, the manner in which they were paid, and to whom they were paid. On the same day the court sustained the demurrer to the amendment on each and every ground thereof, with no leave to amend, and rejected the amendments. To this judgment the defendants filed exceptions pendente lite, and they assign error thereon in the bill of exceptions. The case proceeded to trial, and after the introduction of evidence the court directed a verdict for the plaintiff. The defendants made a motion for new trial, which was overruled, and to this judgment they excepted.

■ The plaintiff filed a demurrer to the amendment to the counter-affidavit. All the grounds of this demurrer were special in their nature, and did not strike at the soundness of the amendment as a whole, but were directed at particular portions thereof as being incomplete and insufficient, and as being conclusions of law. The plaintiff did not demur generally to the amendment. The court sustained the special demurrer on each and every ground thereof and rejected the amendment. In the order sustaining the special demurrer the court did not grant leave to the defendants to amend this amendment to meet the objections raised by the special grounds of the demurrer. The proper judgment on a special demurrer, going only to the meagerness of the allegations, is not a judgment of dismissal of the pleading, but a judgment requiring the pleader to amend and to make his plea more certain in the particulars wherein he has been delinquent; and then if he refuses to amend, the plea may be dismissed, if the delinquency relates to the entire defense raised by the plea. However, if the special demurrer goes only to some particular part of the pleading, without which a valid defense would still be set forth, the result of finally sustaining the special demurrer would be, not to dismiss the pleading, but to strike the defective portion. In some particulars the amendment in this

case was subject to special demurrer as containing conclusions of law and as being incomplete and insufficient and not setting forth plainly, fully and distinctly the matters pleaded. However, as shown hereinafter, the amendment set up a defense to the dispossessory proceedings which was good as against a general demurrer. In these circumstances, the judgment sustaining the special demurrer and rejecting the amendment will be reversed, leaving the matters in respect to the special demurrer open for further action in the trial court. *McSwain* v. *Edge,* 6 *Ga. App.* 9 (2), 11 (64 S. E. 116); *News Pub. Co.* v. *Lowe,* 8 *Ga. App.* 333 (69 S. E. 128); *Chappell* v. *Western Ry. of Alabama,* 8 *Ga. App.* 787, 789 (70 S. E. 208); *W. & T. R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (2) (71 S. E. 691); *Norwich &c. Ins. Soc.* v. *Bainbridge Grocery Co.,* 16 *Ga. App.* 432, 436 (85 S. E. 622); *Brown* v. *Milledgeville,* 20 *Ga. App.* 392 (4) (93 S. E. 25).

■  The amendment to the counter-affidavit set up facts which, if true, showed that dispossessory proceedings would not lie against these defendants. The defense of the defendants to the dispossessory warrant, summed up, is that the relation of landlord and tenant does not exist between the plaintiff and themselves. This is a good ground of defense to a proceeding under sections 5385 et seq. of the Civil Code. *Sharpe* v. *Matthews,* 123 *Ga.* 794 (51 S. E. 706); *Bashinski* v. *Swint,* 133 *Ga.* 38 (65 S. E. 152). A counter-affidavit to a dispossessory proceeding under this section which sets up title in the alleged tenant is good. *Moody* v. *Ronaldson,* 38 *Ga.* 652; *Allen* v. *Allen,* 154 *Ga.* 581, 586 (115 S. E. 17). This section does not provide for the trial of title to land, but its sole purpose is the determination of the right of possession between one claiming to be a landlord and one whom he claims to be his tenant. *Jordan* v. *Jordan,* 103 *Ga.* 482, 483 (30 S. E. 265); *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794); *Bullard* v. *Hudson,* 125 *Ga.* 393 (54 S. E. 132); *Boatright* v. *Eason,* 24 *Ga. App.* 364 (100 S. E. 764). A dispossessory warrant will lie only if the relation of landlord and tenant exists. If the defendant holds possession otherwise than as a tenant, such as a purchaser, donee, or equitable owner, this remedy is not applicable. *Cassidy* v. *Clark,* 62 *Ga.* 412; *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614); *Henry* v. *Perry,* 110 *Ga.* 630 (36 S. E. 87); *Sharpe* v. *Matthews,* supra; *Garrick* v. *Tidwell,* 151 *Ga.* 294 (106 S. E. 551); *Allen* v. *Allen,*

supra. So one who obtains possession of the premises from the owner under an option to purchase is not a tenant upon his failure to exercise the option, and a dispossessory proceeding will not lie to evict him therefrom. *Henry* v. *Perry,* supra. The plaintiff put the defendants in possession of the premises under the contract of sale, not as tenants, but as purchasers. His remedy, upon default of the defendants under the contract of purchase, is against them under such contract, and not by a dispossessory proceeding against them as tenants, although the contract of sale provides that upon default all payments theretofore made by the defendants should be applied as rent of the premises. Such a contract does not create the relation of landlord and tenant between the parties. *Oxford* v. *Ford,* 67 *Ga.* 362; *Blitch* v. *Edwards,* 96 *Ga.* 606 (24 S. E. 147). So in *Griffith* v. *Collins,* 116 *Ga.* 420 (42 S. E. 743), it was held that "When a person holds possession of lands under a contract of purchase, he can not be dispossessed by summary proceedings against him as a tenant. Where an agreement was made for the sale of land and it was stipulated that if the vendee did not comply with its terms he was to pay rent, and a tender subsequently made by the vendee was rejected by the vendor on the grounds that it did not comply with the latter's erroneous construction of the contract and that he was in no position to make a deed, because of a security deed already made by him to a third party, the fact that the amount tendered may not have been the exact sum required under the contract did not change the relation of the parties from that of vendor and vendee to that of landlord and tenant." The ruling in this case was followed in *Davis* v. *Taylor,* 27 *Ga. App.* 621 (2) (109 S. E. 535).

In *Spooner* v. *Shelfer,* 152 *Ga.* 190 (108 S. E. 773), the contract was a lease with option to purchase, and contained provisions which clearly indicated that it was a lease and not a contract of sale. The same is true of the contract involved in *Spooner* v. *Dykes,* 174 *Ga.* 767 (163 S. E. 889), which specifically provided, as a condition precedent to the right to exercise the option to purchase the property, that the lessee "must have faithfully paid all of the rents due under the terms of this contract," and which recited that the lessors have "rented and leased" to the lessee described realty, for which he "agrees to pay . . an annual rental," and that the lessors shall have the general and special liens provided by law in favor of

landlords. The above is also true of the contract construed in the case of *Crawford* v. *Cathey*, 143 *Ga.* 403 (85 S. E. 127). Our ruling in this case is not in conflict with that in *Williams* v. *Federal Land Bank*, 44 *Ga. App.* 606 (162 S. E. 408), and authorities there cited. In those cases the defendants were held to be tenants at sufferance, with an implied obligation to pay rent, upon the exercise of the power of sale contained in deeds given to the plaintiffs therein.

It follows that the amendment to the counter-affidavit set up facts showing that the relation of landlord and tenant did not exist between the plaintiff and the defendants, and was not subject to a general demurrer, and that the court below erred in rejecting the same. This renders the subsequent trial of the case and the direction of the verdict for the plaintiff nugatory.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*