## 25492. SPELL v. WARD.

274

DECIDED SEPTEMBER 24, 1936.

*H. H. Elders, S. T. Brewton,* for plaintiff in error.
*P. M. Anderson,* contra.

GUERRY, J. On September 21, 1933, Mrs. E. D. Ward entered into the following agreement with A. G. Spell: "Mrs. E. D. Ward will accept your proposition to purchase her place on which you now reside and rent from her, provided the rent is paid for 1933, amounting to $150. She will rent you the place for 1934 for the sum of $150 payable September 1, 1934, you to keep the repairs of the place in good order at your own expense. She will give you an option to purchase the place for $3,000, $300 cash payable on or before October 1, 1934, and nine (9) yearly payments thereafter, to be closed by notes of $300 each, amounting to $2700. The $150 for rent for 1934, in case you choose to accept this option and its terms, is to be applied to the cash payment of $300. No interest will be charged; as in lieu of that you are to pay all state, county, and school taxes on the property purchased. When the cash payment and taxes are paid, as provided above, in 1934, Mrs. Ward will make you a deed; and you at the same time concurrently will give her a deed to secure debt, together with 9 notes for $300 each, without interest. She will prohibit the boxing, turpentining, or removing any of the lumber on the place until and at such time as she may determine, and in no case until after five payments will have been made on the property. The use of timber for keeping up the place, however, is not herein prohibited, and proceeds of timber to be applied on notes due her. If you choose to rent the place, write me, saying that you will rent it for 1934 for $150 payable September 1, 1934; then you have until October 1, 1934, to accept the terms of this option, and pay $300 cash by including in this payment the $150 to be paid as rent, and pay taxes." In August, 1934, Mrs. Ward notified Spell that his rent was due September 1, 1934, and that his option

would expire October 1, 1934, "unless you take advantage of the terms of the agreement." Spell paid $75 on the rent on September 8, and later on put up some cottonseed tickets with Mrs. Ward. These were surrendered to him when he paid another $75 on October 27. On October 1, he wired to Mrs. Ward that he was ready to make payments. Mrs. Ward drove from Savannah to Claxton and out to his home, but was unable to locate him. Spell never made a tender, other than the telegram sent on October 1. Mrs. Ward instituted this proceeding to dispossess Spell. At the conclusion of the evidence on the trial, the court instructed the jury that they need only consider the value of the place for rent for 1935.

■ The contract set out above is a lease with an option to buy at a stipulated price, exercisable within the time specified during the term of the lease, upon the lessee's full performance of the terms of the contract. After the expiration of the lease the landlord had the right to bring summary proceedings to evict the tenant holding over. *Spooner* v. *Shelfer,* 152 *Ga.* 190 (108 S. E. 773); *Spooner* v. *Dykes,* 174 *Ga.* 767 (163 S. E. 889); *Clifford* v. *Gressinger,* 96 *Ga.* 789 (22 S. E. 399); *Crawford* v. *Cathey,* 143 *Ga.* 403 (85 S. E. 127). The evidence adduced demanded a finding that the defendant had not complied with the terms of his option within the time specified, and that he was a tenant of the plaintiff. His testimony that he was in possession of the premises as a purchaser will not control where he admits his possession is under a written contract, which shows him to be a tenant. An option to purchase does not make him a purchaser until he has fully complied with the terms of the option. While no witness testified as to the specific value of the premises for the year 1935, there was evidence as to the rent paid by the tenant the preceding years, and the jury were authorized to return the verdict as rendered. Under the ruling in *Huckaby* v. *Archer,* 137 *Ga.* 375 (73 S. E. 633), it was not error to instruct the jury to find the rental value of the land for the year 1935, and, after such finding had been returned, to direct a verdict for double that amount.

■ In the trial of a case which is submitted to a jury by the judge, it is not reversible error that "he did not say anything about counsel arguing said question" (the only question sub-

mitted to the jury being the rental value of the farm), where counsel did not argue, and where it nowhere appears that counsel made any request to argue to the jury, and raised the point for the first time in his motion for new trial. "When objection to a ruling is not made in such a way as to put the court and opposing counsel upon notice that the objection is insisted upon, an assignment of error upon the ruling is without merit." *Hunnicutt* v. *Georgia Railway & Power Co.*, 26 *Ga. App.* 407 (106 S. E. 296). "It was the duty of the counsel for the accused, if they desired that one of them should continue to address the jury for the remainder of the time allowed for argument under the rules, to make in open court a motion or request to this effect to the presiding judge and obtain from him a ruling or decision thereon." *Grant* v. *State*, 97 *Ga.* 789 (25 S. E. 399). The assignment of error as to this point is therefore without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*