## 47992. HARDY et al. v. RAMEY.

STOLZ, Judge. Mrs. Ramey instituted dispossessory proceedings on June 6, 1972 against Hardy and Singleton, who had occupied since July 1971 premises owned by her, under a June 4, 1971 written agreement.

The contract, captioned "Lease with Option to Buy," provided for the lease of the premises for 2 years for a monthly rental of $200, with an option to purchase to be exercised on or before June 3, 1973 by the payment of $5,200, with the balance of the $35,000 purchase

price to be paid in monthly installments for 5 years. The amounts paid for monthly rental during the 2-year lease period, were to be applied toward the purchase price if the option was exercised, or forfeited, along with all rights and privileges under the contract, if the option was not exercised (which it has not been). Under the contract, the lessees were required to furnish, within 30 days after completion of any improvements to the premises, an affidavit from all persons furnishing material or labor for such improvements showing that the materials and labor have been paid in full, and were required to pay taxes on the premises within 10 days after notice of same, which provisions the defendants allegedly breached.

The defendants appeal from the superior court judge's order, certified for immediate review, overruling their motion to dismiss for failure to state a claim upon which relief can be granted. *Held:*

"The contract set out above is a lease with an option to buy at a stipulated price, exercisable within the time specified during the term of the lease, upon the [lessees'] full performance of the terms of the contract . . . *Spooner v. Shelfer,* 152 Ga. 190 (108 SE 773); *Spooner v. Dykes,* 174 Ga. 767 (163 SE 889); *Clifford v. Gressinger,* 96 Ga. 789 (22 SE 399); *Crawford v. Cathey,* 143 Ga. 403 (85 SE 127)." *Spell v. Ward,* 54 Ga. App. 273, 275 (187 SE 720). The optionees were not bound to purchase (*Spooner v. Shelfer,* supra, p. 193), and the option to purchase would not make them purchasers unless and until they shall have fully complied with the terms of the option. *Spell v. Ward,* supra, p. 275. The provision "giving the lessee an option to purchase the reversion in the premises should he so desire, in no way affects the relation of *landlord and tenant* [until it was exercised] or the latter's liability for rent." *Crawford v. Cathey,* supra, p. 405. (Emphasis supplied.) "The contract was entire, and not severable. A default . . . in the contract would authorize a termination of the

option provision of the contract, as well as the lease agreement, by the . . . (lessor)." *Person v. George,* 209 Ga. 938, 943 (77 SE2d 1).

The case of *Griffith v. Collins,* 116 Ga. 420 (42 SE 743), holding that one in possession of lands under a *contract of purchase* cannot be dispossessed by summary proceedings against him as a tenant, is distinguishable from the case at bar in that, in the latter, the mere unexercised *option* to purchase had not been converted into a *contract* of purchase by the exercise of the option. The case of *Lytle v. Scottish American Mortgage Co.,* 122 Ga. 458 (50 SE 402), was similarly distinguished by the Supreme Court in *Crawford v. Cathey,* supra, p. 406, and *Spooner v. Shelfer,* supra, p. 193.

The defendants never having exercised the option, the relation of landlord and tenants continued, and the landlord had the right to obtain the dispossessory warrant against them as tenants, based upon their alleged breaches of the entire, nonseverable contract.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED MARCH 7, 1973 — DECIDED APRIL 3, 1973 — REHEARING DENIED APRIL 24, 1973.

*Ralph H. Witt,* for appellants.