McGehee v. Jones

---

ALLEN C. McGEHEE, plaintiff in error, v. MASON J. JONES et al., defendants in error.

(Atlanta, June Term, 1870.)

WITNESSES—DEATH OF ONE PARTY—COMPETENCY.*— In a suit on a partnership contract against the administration of a deceased partner and the surviving partner, the other party to the contract may, notwithstanding the death of one of the partners, be a witness, if it appear that the contract was made with the surviving partner, or with both the partners actually present and engaging in the transaction, and this especially so if the surviving partner has himself been sworn as a witness.

Party as Witness. Slave Note. Before Judge Johnson. Muscogee Superior Court. November Term, 1870.

---

*WITNESSES—DEATH OF ONE PARTY—COMPETENCY.— On this question, see foot-notes to Archer v. Greer, 36 Ga. 107; Taylor v. Pittman, 37 Ga. 566; Perry v. Hodnett, 38 Ga. 104; Long v. McDonald, 39 Ga. 187; Adams v. Jones, 39 Ga. 479.

See the principal case cited in Deupree v. Deupree, 45 Ga. 424; Odom v. Gill, 59 Ga. 185; Ford v. Kennedy, 64 Ga. 541; Brightwell v. Jordan, 74 Ga. 489.

McGehee v. Jones

Jones sued Elizabeth Hatcher, as executrix of Samuel Hatcher, and Allen C. McGehee, upon a promissory note for $1,500 00, made the 28th of January, 1860, due 1st November, 1860, by Porter Ingram, to Hatcher & McGehee, and by them endorsed in blank. McGehee pleaded the general issue, that said Hatcher & McGehee was a firm, engaged solely in selling slaves, and that said endorsement was made outside of said business, without McGehee's knowledge or consent, or subsequent ratification, and that the consideration of said endorsement was a slave. Mrs. Hatcher filed no plea. On the trial plaintiff's attorneys read said note as evidence, and closed.

*Defendant's counsel introduced said McGehee, who testified that the consideration of said note was a slave; that he was a member of said firm; he did not know the note was sold, but supposed it to be lost; that Ingram came, at the maturity of the note, and paid it off to him in Confederate money, and since the surrender, Ingram told him Jones held said note, with the firm's endorsement on it; that he afterwards saw Jones, in 1865, and Jones said that said firm sold him a slave, he was dissatisfied because the slave ran away, and, in November, 1860, took the slave to Hatcher, and Hatcher endorsed said note, and delivered it to him, Jones, and Hatcher took back the slave.

In rebuttal, plaintiff's counsel offered the testimony of plaintiff, taken by Interrogatories, in which he testified that he got said note about the 1st of March, 1860; that he holds it as guardian of E. S. Jones, a minor; that he bought it from Hatcher & McGehee, at ten per cent. discount, paying therefor bank bills which belonged to said minor; that both of the firm were present when he made the payment, and endorsed the note only because Jones did not know Ingram's ability; that one Cobb, an employee of the firm, was also present; that nothing was said to him as to the consideration of said note, and he did not know what was its consideration, and that he did not remember the conversation which McGehee had testified to. This testimony was objected to because Hatcher was dead. The objection was overruled and the testimony was read.

The Court charged the jury that if the consideration of the endorsement was a slave, they should find for defendants; but if the firm had sold Jones a slave, and Jones had some objection to the slave, and a difficulty arose, and the firm took the slave back, by way of compromise, and in consideration of the firm's liability, incurred in selling said slave, endorsed said note, they should find for plaintiff. The jury found for the plaintiff. Defendant's counsel say that the Court erred in admitting Jones' testimony, and in said charge.

Blanford & Thornton. J. M. Russel, for plaintiff in error.

*Peabody & Brannon, for defendant, relied on 37th Ga. R., 586, 623; 36th 522, as to Jones' testimony, and on Dever v. Akin, 39th Ga. R., as to the charge.

McCAY, J.

We do not think this objection to the competency of the witness comes within the exception to the Evidence Act of 1866. The reason for excluding a party whose opponent is dead, is evidently because he cannot be confronted by the other party. In this case the witness is called to testify to facts occurring between him and the survivor of the partnership. The sole reason for the exception here fails. The party is living, with whom the contract was made, and is not only ready to confront his opponent, but, as the fact is, he has been sworn. It would be unfair to admit McGehee and exclude Jones. It would be using the exception for the very purpose it was intended to prevent, to-wit: letting in a party as a witness, when it was impossible that his opponent could tell his tale.

The spirit of the law is to throw down the old barriers, except in cases where each party cannot be met by his opponent. We think the intention of the law is best met, in a case like his, by letting both parties be heard.

Judgment affirmed.