Allen, administrator, *vs.* Morgan *et al.*

1. An administrator who has sold the reversionary or remainder interest in the land of the intestate to his widow, who was tenant in dower thereof, and who said in effect to the purchasers of the entire fee from the widow, that if they bought they would get good title

8

to the fee, as he had sold and she had bought the remainder, and he had plenty of what was coming to her from the estate to pay for it, and thus induced them to buy and pay for the land, and to suffer injury if he sell the fee in the land, so once administered by him, as he threatened to do, is estopped, and will be perpetually enjoined from the re-sale thereof.

2. An attorney, present when the conversation took place between the administrator and the parties contemplating the purchase, is competent to testify though the administrator be dead even though he was the advising counsel of the purchasers, especially where the evidence of the administrator at a former trial is in court and could be used, and was used, on the pending trial.

Estoppel. Administrators and executors. Witness. Before Judge CRISP. Sumter Superior Court. April Adjourned Term, 1878.

Reported in the opinion.

S. C. ELAM; R. F. LYON, for plaintiff in error, cited as follows: Injunction wrong, 44 *Ga.*, 634. On competency of witness, 59 *Ga.*, 342. On charge, 54 *Ga.*, 177.

W. A. HAWKINS, for defendants.

JACKSON, Justice.

The facts made by the bill, and fully supported by the evidence, make the case of the sale by a former administrator, named Boone, of the remainder of a dower estate in the widow of an intestate, and the purchase thereof by the widow, and her sale of the entire estate to the father of complainants, two gentlemen named Morgan, for them, and deed made to them of the fee by the widow, and their possession of the land under the deed; and the fact that before the purchase the administrator was consulted as to the title in the fee of the widow, that he pronounced it good, and stated that he had sold and she had bought the remainder, and held the dower estate, that at the time she bought at his administrator's sale, the estate owed her much more than the price of

the remainder which was $2,000.00, and hence the purchase money was not paid, and that at the date of the sale by the widow to the Morgans, he was still largely indebted to her on account of her claims against the estate.

The court charged the jury to the effect, that if the administrator had sold the estate in remainder under such a state of facts and had told these people who bought from the purchaser at his sale, who was the tenant in dower, and who had bought the remainder at his sale, that she thus held the fee and that they would be safe in the purchase from her, that then the administrator was estopped from selling the remainder again, and that if they so believed, equity would decree a perpetual injunction, prohibiting the administrator from selling the land again, which was the prayer of the bill. The jury so found, and a decree was entered upon their verdict granting a perpetual injunction, and error is assigned upon the charge and the consequent verdict and decree.

1. We think that the charge and verdict and decree are right. The remainder and the dower were fully administered ; the last was set apart and the first was sold by the administrator; these purchasers from the tenant in dower who bought the remainder at his sale, were misled by the administrator; they paid out their money on the faith of his statement, and he ought in equity to be estopped from selling the remainder again. The Code, section 3753, declares that " admissions upon which other parties have acted, either to their own injury or for the benefit of those making the admissions, and similar cases where it would be more unjust and productive of more evil to hear the truth than to forbear investigation," will estop the party.

These parties acted upon this admission, paid money and gave notes, and would be injured if the administrator were allowed to sell this land, which they bought and paid for in consequence of this admission.

It has been argued that it will not do to conclude creditors

and heirs of an estate by the admissions of the administrator; but the creditors and heirs do not appear to be interested. The administrator is personally bound to them; the securities on his bond are bound to make good to them his failure to collect from the widow this purchase money, which he failed to collect out of the widow when he had plenty of funds coming to her. In any view, we think the administrator estopped.

2. But it is said that Hawkins was not a competent witness, and that the court erred in allowing him to testify. Col. Hawkins was the advising counsel of the widow, it appears from the evidence, and probably he was consulted by the Messrs. Morgan; but he was not their agent to make the trade with Boone. If he had been, he could not probably have been sworn under the principle announced in *Odum vs. Gill*, 59 *Ga.*, 180; but, under the facts here, he was competent, though Boone was dead, especially as Boone had been sworn on a former trial, and his evidence was in court, and was afterwards used in the case.

That testimony of Boone is full on the point; but it is overwhelmingly overthrown by that of several other witnesses, and it stands by itself; all the others who swear on the point representing the transaction as alleged in the bill.

The decree is right under the evidence, and must be affirmed.

Judgment affirmed.