McNair *et al.,* executors, *v.* Brown *et al.,* administrators.

Hill, J. 1. Where a grantor executes a deed absolute in form, and remains in possession of the land, parol evidence is admissible to show that the deed was intended as security only; and such evidence is not objectionable on the ground that it offends the rule which makes inadmissible parol evidence to vary the written terms of an absolute deed. *Askew* v. *Thompson,* 129 *Ga.* 325 (58 S. E. 854); *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075); *Lowe* v. *Findley,* 141 *Ga.* 380, 383 (81 S. E. 230); *Berry* v. *Williams,* 141 *Ga.* 642 (81 S. E. 881).

2. Where one party to a written contract or cause of action, in issue or on trial, answered interrogatories sued out in such cause before her death, and after her death they are introduced in evidence in such case, a son of the opposite party is a competent witness to testify in rebuttal of the evidence contained in the interrogatories respecting transactions and communications with the witness, notwithstanding he is an heir at law of the deceased parent and interested in the result of the suit. *Monroe* v. *Napier,* 52 *Ga.* 385 (2).

3. The verdict was supported by the evidence. None of the other assignments of error require a new trial.

*Judgment affirmed. All the Justices concur.*

July 11, 1917.   Rehearing denied August 31, 1917.

Equitable petition. Before Judge Thomas. Jefferson superior court. February 6, 1916.

*Frank Hardeman* and *Little, Powell, Smith & Goldstein,* for plaintiffs in error. *W. L. Phillips* and *Hines & Jordan,* contra.