### 12586.  DAVIS *et al. v.* TAYLOR.

PER CURIAM:  1. Where one of the parties to a written contract or cause of action in issue or on trial answers interrogatories sued out in the cause before his death, and after his death they are introduced in evidence in the case, the opposite party is a competent witness to

testify in rebuttal of the evidence contained in the interrogatories respecting transactions and communications with the witness. See *McNair* v. *Brown*, 147 *Ga.* 161 (93 S. E. 289). It was not error for the court to admit the testimony of the defendant, Taylor, as complained of in the 4th, 5th, 6th and 7th grounds of the motion for a new trial.

2. Where one enters into possession of lands under a contract of purchase he cannot be dispossessed by summary proceedings against him as a tenant. *Griffith* v. *Collins*, 116 *Ga.* 421 (42 S. E. 743). The question as to the validity of the contract in this case should have been submitted to the jury, as there was a sharp conflict in the evidence upon this point.

3. Under the above rulings it was error for the court to direct a verdict in favor of the defendant.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED NOVEMBER 17, 1921.

Eviction; from Ben Hill superior court— Judge Gower. May 16, 1921.

*Eldridge Cutts,* for plaintiff in error.

*A. J. & J. C. McDonald,* contra.

LUKE, J., dissenting. I agree to the ruling announced in the first paragraph of the decision in this case, and to that portion of paragraph 2 wherein it is ruled that where one enters possession of lands under a contract of purchase, he cannot be dispossessed by summary proceedings against him as a tenant; but under the contract in this case I cannot concur in the judgment of reversal, for the reason that in my opinion there was no question as to the validity of the contract, nor was there any question as to whether the defendant was a purchaser. Clearly, under the contracts in evidence, the defendant was a purchaser and not a tenant. Therefore, in my opinion, it was not error to direct a verdict in favor of the defendant.