### HAND *v.* MATTHEWS, administrator.

1. Instruments conveying land, however clear and unambiguous, can always be shown by parol evidence to have been made to secure debt, where the vendor remains in possession.
2. There was evidence authorizing the court to submit to the jury the issue whether the title of the plaintiff to the land in dispute was absolute or was made only to secure debt; and to instruct the jury, in case they found it to be to secure debt, that upon the payment of the debt so secured and interest the defendant would be entitled to redeem the land.
3. Instructions inapplicable to the pleadings and the evidence should not be given to the jury; and where such instructions submit to the jury an issue and a theory not supported by the pleadings and evidence, a new trial will be granted.
4. In an equitable cross-action by the defendant for accounting for rents received by the vendee in a security deed, who is seeking to recover the premises thereby conveyed, and for which he is accountable, such cross-action will not be defeated for want of tender of the principal and interest of such debt, where the defendant offers to pay whatever amount is found due after the plaintiff accounts for rents of the premises with

which he is chargeable. *Jones* v. *Laramore*, 149 *Ga.* 825 (102 S. E. 526); *Mayer* v. *Waterman*, 150 *Ga.* 613 (104 S. E. 497).

No. 2532. MARCH 1, 1922.

Equitable petition. Before Judge Searcy. Fayette superior court. February 19, 1921.

Lee Hand brought suit against A. L. Matthews as administrator of Samuel Westmoreland, and made this case: He is the owner of a described tract of land. This land formerly belonged to Westmoreland, who, on October 20, 1909, deeded the same to K. B. Banks to secure a debt due by the former to the latter. Banks delivered to Westmoreland his bond for title, conditioned to reconvey to the latter on the payment of said debt. On January 21, 1913, Westmoreland transferred said bond to Hand to secure a debt due by the former to Hand, amounting to $1025.61. On December 21, 1914, Westmoreland, being unable to pay his debt to Banks and his debt to Hand, entered into a written contract with Hand by which Hand was to pay his debt to Banks, amounting to $644.15; and Hand delivered to Westmoreland his notes representing said indebtedness, and satisfied his own debt due by Westmoreland, and delivered to the latter the notes representing said debt, then amounting to $1119.05; and Westmoreland, in consideration of the satisfaction of said debts, relinquished all his right, title, and interest in said land, except as hereinafter set out. Westmoreland delivered possession of said land to Hand. At the date of this contract Hand gave to Westmoreland an option to purchase back said land for $1763.20, being the price which Hand had paid Westmoreland for the same. This option was to expire January 1, 1916. Under the above bond for title, so transferred to Hand, and by virtue of said contract, Banks delivered to Hand a deed to said land. Matthews, as administrator of Westmoreland, under some pretended claim, in violation of the rights of the plaintiff, rented said premises for the year 1916 to two tenants for 2500 pounds of lint-cotton, of the value of $425. Hand has demanded the rent from these tenants, and they refused to pay it. The estate of Westmoreland is insolvent; and if the administrator is permitted to collect said rents, Hand would be remediless to enforce his rights to them. He prayed that his title and possession of said lands be confirmed, that the administrator be enjoined from interfering with his possession and collecting said rents, and that a receiver be appointed.

The defendant answered, in brief, as follows: He denied the title of the plaintiff to said lands. Said lands belonged to said Westmoreland at the time of his death on July 25, 1915. The deed from Westmoreland to Banks was void, because tainted with usury. The bond for title from Banks to Westmoreland and its transfer by Banks to the plaintiff were parts of the usurious transaction, and were likewise void. The deed from Banks to the plaintiff is likewise void for usury. When the contract between Westmoreland and the plaintiff was made, it was the intention of both that the plaintiff was to take up the Banks deed and notes, and hold the deed from Banks as security for Banks's debt and his own. Westmoreland never did surrender possession of the land to plaintiff, never attorned to him as tenant, and remained in possession until his death. At the time of his death Westmoreland was about eighty years of age. At the time he signed said alleged contract he was very old and feeble, was scarcely able to walk, was almost blind, was an ignorant old negro, and for more than a year before his death was utterly incapable of understanding the nature and consequences of his acts in making any contract. After the death of Westmoreland, the plaintiff applied to this court, and was appointed receiver for the crops growing on said lands in 1915. He took possession of said crops, amounting to a thousand dollars; and the same should be credited on his debt for $1763.20, which he claims against Westmoreland. By amendment it is alleged that he offered to pay the plaintiff the principal of the original debt due to Banks, with eight per cent. interest thereon from December 21, 1914. Hand is an unusually intelligent business man. Said land is worth $4,000. For this gross inadequacy of consideration, coupled with great mental disparity, such contract should be declared void.

On the trial the jury rendered a verdict finding for the defendant this land, and for the plaintiff $1763.20 principal, and $810.97 interest. There was evidence from which the jury could find, that the deed and contract under which the plaintiff held was made to secure debt, that the intestate of the defendant was mentally incapable of making the contract upon which the plaintiff relies for title, and that the defendant as administrator had offered to pay the plaintiff the principal of his intestate's debt, with interest thereon from December 21, 1914.

The plaintiff moved for a new trial, the motion was overruled, and error was assigned upon this judgment.

*Hall & Jones,* for plaintiff.

*J. W. Culpepper, H. A. Allen* and *Reagan & Reagan,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. In the first ground of the amendment to the plaintiff's motion for new trial it is alleged that the court erred in the following charge to the jury: "If you believe from the evidence that the contract for the sale of the land was made by Samuel Westmoreland to Mr. Lee Hand, December 21, 1914, was made for the purpose of securing a debt, and was not intended to convey absolute title to Lee Hand, then, upon the payment of the debt and interest on it, the defendant would be entitled to recover the land." It it insisted that this charge was not adjusted to the facts, and submitted a theory unsupported by any substantial evidence in the case, for which reason it was misleading to the jury and prejudicial to the movant. It is urged that the option and contract executed by the parties on December 21, 1914, are plain and unambiguous, and that the undisputed evidence shows that when said papers were executed Hand delivered to Westmoreland all the notes and evidences of debt held by him against Westmoreland, showing a cancellation of said debts and a purchase of the property, with an option to Westmoreland to buy the same back by a given time by the payment of a given sum. Movant insists that these facts show that the transaction was completely changed from that of a loan, secured by a deed to land, to that of one putting title in Hand, with an option to Westmoreland to rebuy. Standing alone, this contention would be good; but Westmoreland remained in possession, and there is evidence in the record that Hand stated, after Westmoreland's death, that the papers which he held to the land were to secure the indebtedness of Westmoreland to Banks, which he had taken up, and Westmoreland's debt to himself. So long as a party remains in possession of land he can show that conveyances made by him of his land were mere security for debt; and upon the payment thereof he will be entitled to redeem.

Where a grantor executes a deed absolute in form and remains in possession of the land, parol evidence is admissible to show that the deed was intended as security only, and such evidence does

not offend the rule which makes inadmissible parol evidence to vary the written terms of an absolute deed. *Askew* v. *Thompson,* 129 *Ga.* 325 (58 S. E. 854) ; *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075) ; *Lowe* v. *Findley,* 141 *Ga.* 830 (81 S. E. 230) ; *McNair* v. *Brown,* 147 *Ga.* 161 (93 S. E. 289). If in the face of an absolute deed the maker can by parol evidence show that it was made only to secure a debt, we see no reason why in this case it can not be shown by parol evidence that the contract between Hand and Westmoreland, by which the former claims title to the land in dispute, was given only to secure a debt. It was the province of the jury to determine, under the facts, which contention was true; and they having found against the plaintiff, we can not say that their finding was without evidence to support it. The charge complained of was adjusted to the evidence, and could not mislead the jury.

3. In the second special ground it is urged that the court fell into error in this charge: " If you find there was gross inadequacy of consideration, coupled with great mental disparity of intellect, or that [at] the time Westmoreland was of unsound mind — of an unsound mind within the meaning of the law, and was incapable of making a contract, and find the contract was not binding upon him, — the execution of the contract would place into Hand the title to the property in dispute as security for his debt, and defendant would be entitled to recover the premises in dispute on the payment of the debt of $1763.20, together with interest on it from December 21, 1914, to this date." The plaintiff insists that this was inapt and misleading under the evidence in the case. He urges that if the contract of December 21, 1914, between Hand and Westmoreland, was void for either of the reasons set out in this charge, then this contract would not place in Hand the title to the property in dispute as security for his debt. We are not called upon to determine whether this charge was an accurate statement of the law in reference to the rights of Westmoreland; but it was more favorable to the plaintiff than to the defendant. The plaintiff in error can not complain of instructions prejudicial to the defendant in error. He will never be heard to complain of an instruction which is more favorable to him than it ought to have been. *Ausley* v. *Cummings,* 145 *Ga.* 750 (89 S. E. 1071).

But it is insisted by counsel for the plaintiff that the above charge conveyed to the jury the idea that this contract might be

valid as placing the title in Hand as security for his debt, but invalid as conveying an absolute title with an option to Westmoreland to buy back. We do not see how the jury could have gotten this idea from this charge, in view of the entire charge of the court. The court distinctly instructed the jury that the plaintiff contended that he was the owner of this tract of land, and that the contracts and deeds offered in evidence by him would entitle him to recover in this case, unless the defendant by a preponderance of the evidence showed that he was not entitled to recover. Under this charge the jury could not have gotten the idea that this contract was valid as a security for debt, but invalid as a conveyance of title to Hand.

4. In the third ground the plaintiff complains of this charge: " If you find in favor of the plaintiff, that this was a valid contract — that Westmoreland was mentally able to make a contract, that he was a sane person as defined to you, and did make this deed, and that there was no gross inadequacy of consideration, coupled with disparity of intellect, that it was a legal and binding obligation, then that would pass absolute title to Mr. Lee Hand, and you would find in his favor, and the form of your verdict would be, ' We, the jury, find for the plaintiff the premises in dispute,' unless you find that during the life of the option between the 21st of December, 1914; and the first of January, 1916, that the right granted in the option to Westmoreland was exercised by the administrator . . of Westmoreland." The plaintiff insists that the latter portion of this charge, beginning with the word " unless," submitted and suggested an issue to the jury without support by the evidence and without pleadings to authorize it, for which reason it confused and misled the jury, to the prejudice of the plaintiff,

There were no pleadings on the part of the defendant that he, as the administrator of Westmoreland, had undertaken to exercise the option given to Westmoreland to buy back this land by January 1, 1916. There was no evidence that the administrator had undertaken to exercise this option before it expired. There is evidence that, prior to January 1, 1916, the administrator offered to pay to the plaintiff $1763.20, the price at which Westmoreland agreed to buy this land under this option, with interest thereon from the date of said option, less the rents received by the plaintiff from this land for the year 1915. If the plaintiff had in fact

bought this land from Westmoreland absolutely, and had only given Westmoreland the right to rebuy it, then the plaintiff would have been entitled to the rents of this place at the time of his purchase, unless under some arrangement he was to have the land free of rent during the life of the option. When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied. Civil Code, § 3692. But there is nothing in the evidence to show that Westmoreland was not to pay rent. There is evidence to the effect that Westmoreland worked this land during the year 1915 under the direction of the plaintiff, which would hardly be the case if he was not to pay rent therefor. Instructions inapplicable to the pleadings and evidence should not be given; and where a charge gives a party the benefit of a material defense not set up in the pleadings, and without evidence to support it, a new trial must result. *Southern Marble Co.* v. *Pinyon,* 144 *Ga.* 259 (2), 261 (86 S. E. 1086).

5. The plaintiff complains, in the fourth ground, of another charge, in which the court submitted to the jury the question whether the defendant had tendered to the plaintiff the amount due upon the option according to its terms. This charge, as the one set out in the third ground, gave the defendant the benefit of a defense not set up in his answer, and not supported by the evidence. For the reasons stated in dealing with the last ground, this was an error which requires the grant of a new trial.

If the papers under which the plaintiff claims title to this land were given merely to secure a debt due by Westmoreland, then Matthews, as administrator of Westmoreland, would be entitled to redeem the land by paying the debt due by Westmoreland to the plaintiff, with interest, less any rents which the latter received for the land for the year 1915, or since that time. On the other hand, if the plaintiff owned this land absolutely, and had only given Westmoreland the right to rebuy it by January 1, 1916, then the plaintiff would be entitled to recover in this case, unless the administrator offered to exercise the right given to his intestate under this option to buy back this land by paying to the plaintiff the price agreed on for the repurchase of this land by Westmoreland by January 1, 1916.

6. The fourth headnote needs no elaboration.

*Judgment reversed. All the Justices concur.*