*J. J. Barge,* for plaintiff. *L. S. Camp,* for defendant.

## McLENDON *v.* BALDWIN.

1. Paragraph 1 of section 5858 of the Civil Code is not to be so extended by construction as to embrace cases not strictly within its letter. When a plaintiff institutes a suit and dies pendente lite, and his executor is made a party in his stead, such suit is not one instituted by the executor, and the surviving defendant is not incompetent to testify as to transactions or communications with the deceased plaintiff.

2. Where the evidence of the plaintiff on a former trial of the case had been preserved in a brief of the evidence prepared by his counsel, approved as true by the trial judge, made a part of the record, and filed in connection with the plaintiff's motion for a new trial after an adverse verdict, and where on a retrial of the case, the plaintiff having died and his executor having been made a party, the defendant introduced said testimony of the deceased plaintiff, the defendant was a competent witness to testify to transactions and communications between him and the deceased plaintiff and denied by the latter in his testimony so introduced.

(*a*) The testimony of a witness, since deceased, given under oath on a former trial of the same case, is admissible on the subsequent trial thereof.

(*b*) On the trial of all civil cases either plaintiff or defendant is permitted to make the opposite party a witness, with the privilege of subjecting such witness to a thorough and sifting cross-examination, and with the further privilege of impeachment, as though the witness had testified in his own behalf and was being cross-examined; and the party introducing such witness may show that the facts are different from those testified to by such witness. This principle is applicable where the surviving party introduces the evidence of his deceased adversary on a former trial of the case.

(*c*) By the act of August 6, 1924 (Acts 1924, p. 62), the plaintiff or defendant in any case may take and preserve his own testimony by interrogatories or depositions while both parties are in life and competent to testify, and such depositions or interrogatories shall be admissible upon the trial of the case, notwithstanding the death of either party; and upon the trial of the case the opposite party is made competent to testify in rebuttal to the testimony contained in such depositions and interrogatories.

(*d*) Where a party to a cause is sworn as a witness in his own behalf on

the trial of a case which he loses, and where he moves for a new trial and files therewith a brief of his testimony which is duly approved by the court and made a part of the record, such testimony amounts to a deposition within the meaning of the act of 1924.

(e) Where the surviving party, after the death of the party whose testimony is so preserved, introduces such testimony on a trial of the case, he is a competent witness to rebut such testimony.

No. 6531. AUGUST 18, 1928.

Equitable petition. Before Judge Yeomans. Terrell superior court. March 3, 1928.

*R. R. Jones,* for plaintiff in error.

*W. H. Gurr* and *R. R. Marlin,* contra.

HINES, J. A. J. Baldwin instituted his action to enjoin J. N. McLendon from cutting timber on described land to which it was alleged plaintiff had title. The nature of the claims of both parties to the timber is fully set out in the report of this case when it was before this court on a former occasion. *Baldwin* v. *McLendon,* 161 *Ga.* 636 (131 S. E. 361). A. J. Baldwin died pending the suit; and his executor, W. A. Baldwin, was made the party plaintiff. A. J. Baldwin, on a former trial of this case, was sworn as a witness in his own behalf. His evidence was taken down and was preserved by being embraced in a brief of the evidence introduced on that trial, which brief was duly approved by the court and by order made a part of the record, and filed in connection with a motion for a new trial after verdict against the plaintiff. On the last trial of the case the defendant admitted a prima facie case for the plaintiff, and assumed the burden of proof. He introduced in evidence the testimony of A. J. Baldwin, deceased, delivered upon the first trial of the case. He then was sworn as a witness in his own behalf, and undertook to testify in rebuttal of the testimony of A. J. Baldwin, and to testify to facts tending to establish his claim to the timber. Upon objection by plaintiff's counsel the court ruled that the defendant was incompetent to testify as to transactions and communications had between himself and A. J. Baldwin, deceased. The defendant could not make out his defense except by his own testimony. Thereupon the court directed a verdict for the plaintiff. The defendant moved for a new trial upon the general grounds, and upon the ruling of the court that he was incompetent so to testify, and upon the direction of the verdict. The judge overruled the motion for new trial, and the defendant excepted.

It is conceded by counsel for the plaintiff that the sole question for decision by this court is whether the ruling that the defendant was incompetent to testify as to transactions and communications between him and the deceased was correct, thus impliedly conceding that a new trial should be granted if this ruling is erroneous.

1. Under our law, "No person offered as a witness shall be excluded by reason of incapacity, for crime or interest, or from being a party, from giving evidence, either in person or by deposition, according to the practice of the court, on the trial of any issue joined, or of any matter or question, or on any inquiry arising in any suit, action, or proceeding, civil or criminal, in any court or before any judge, jury, sheriff, coroner, magistrate, officer, or party having, by law or consent of parties, authority to hear, receive, and examine evidence; but every person so offered shall be competent and compellable to give evidence on behalf of either or any of the parties to the said suit, action, or other proceeding, except" in eight named instances or exceptions. Civil Code, § 5858; 13 Park's Code Supp. 1926, § 5558, par. 8; Acts 1924, p. 62. In construing this section and the exceptions therein contained, this court has held that it is safer to adhere to the plain letter of its terms, and thus avoid the confusion which arose from the attempted liberal constructions of the evidence act of 1866. *Phillips* v. *Cooper,* 93 *Ga.* 639 (20 S. E. 78) ; *Lawson* v. *Prosser,* 146 *Ga.* 421, 423 (91 S. E. 469). The Code, § 5859, expressly declares that "There shall be no other exceptions allowed" than those specified in § 5858. That § 5858 is not to be so extended by construction as to embrace cases not strictly within its letter is made clear by § 5859. *Woodson* v. *Jones,* 92 *Ga.* 662, 664 (19 S. E. 60) ; *Ullman* v. *Brunswick Title &c. Co.,* 96 *Ga.* 625, 628 (24 S. E. 109) ; *Hendrick* v. *Daniel,* 119 *Ga.* 358, 360 (46 S. E. 438) ; *Hawes* v. *Glover,* 126 *Ga.* 305, 315 (55 S. E. 62).

The only applicable exceptions under section 5858 as amended are the first and eighth. The first of these exceptions is as follows : "Where any suit is instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person." Under this exception, it is only when

the suit is instituted by the personal representative of a decedent that the opposite party is incompetent to testify as to transactions or communications with such decedent, to support his defense against the latter's personal representative. Was this suit instituted by the administrator of Baldwin? To institute means to begin; to commence; to initiate; to originate. 32 C. J. 941. This suit was not begun, commenced, initiated, or originated by the personal representative of the decedent, but by the latter in his lifetime. The action was instituted by A. J. Baldwin in his lifetime against McLendon. Pending suit Baldwin died, and his executor was made a party plaintiff in his stead. So the suit was not instituted by the executor of Baldwin, and does not come within the letter of this exception. To bring this case within the scope of this exception we would have to resort to a liberal construction thereof, and extend its terms beyond their literal meaning. This can not be done under section 5859, and under the rulings of this court that we must adhere to the plain letter of this exception, and not by a liberal construction extend the exceptions specified in section 5858. So we are of the opinion that the defendant was competent to testify in his own behalf touching this transaction, and to communications had between him and the decedent in relation thereto.

2. The defendant introduced the testimony of the deceased plaintiff in his own behalf, delivered on the first trial of the case, and preserved in a brief of the evidence prepared by the plaintiff's counsel, approved as correct by the trial judge, made a part of the record, and filed in connection with the plaintiff's motion for new trial seeking to set aside the verdict rendered against him on that trial. In these circumstances was the defendant incompetent to testify in his own behalf to communications and transactions with the deceased plaintiff in reference to the matter in controversy in this case, even if he were incompetent so to testify under the first exception in section 5858 of the Code? If the testimony of the decedent on the first trial had been introduced by his executor on the subsequent trial, the defendant would have been a competent witness to testify against the personal representative of the deceased. *Monroe* v. *Napier,* 52 *Ga.* 385; *Hollis* v. *Calhoun,* 54 *Ga.* 115; *Allen* v. *Morgan,* 61 *Ga.* 107 (2) ; *McNair* v. *Brown,* 147 *Ga.* 161 (93 S. E. 289) ; *Davis* v. *Taylor,* 27 *Ga. App.* 621 (109 S. E. 535).

If the defendant would have been a competent witness had this testimony of the deceased plaintiff been introduced by his personal representative, why would not the defendant be likewise competent when he introduced this testimony of the deceased plaintiff? In answering this question and in construing our statute, it is well to consider the reason upon which this statute rests. The object of our statute was to prevent one of the parties to a transaction, after the death of the other, from testifying in his own favor to communications or transactions with the other who was dead and could not be heard to reply to the offered testimony by contradiction or explanation. The lawmaking power had in contemplation the temptation which might arise from self-interest to swear falsely as to transactions or communications with one whose voice had been silenced by death, and who therefore could not contradict the survivor. *Neely* v. *Carter, 96 Ga.* 197, 203. The obvious reason of the statute is that the living party should not be permitted to testify in his own favor as to transactions and conversations with the deceased, when the voice of the latter is hushed by death and can not be heard. *Field* v. *Walker, 36 Ga.* 520, 522. The surviving party is incompetent because he can not be confronted by the other party. *McGehee* v. *Jones, 41 Ga.* 123, 125.

In view of this purpose of our disqualifying statute, can the survivor introduce the testimony of the decedent on a former trial, preserved as above stated, such testimony denying any transaction with the survivor touching a given matter, and then testify as to such transaction with his deceased opponent? The testimony of a witness, since deceased, given under oath on a former trial of the same case, is admissible upon the subsequent trial thereof. Civil Code, § 5773. On the trial of all civil cases either plaintiff or defendant is permitted to make the opposite party a witness, with the privilege of subjecting such witness to a thorough and sifting cross-examination, and with the further privilege of impeachment, as though the witness had testified in his own behalf and was being cross-examined. Civil Code, § 5879. Although under this section a party may not impeach his own witness, unless entrapped by him, he may show that the facts are different from those testified to by such witness. *Skipper* v. *State, 59 Ga.* 63; *Cronan* v. *Roberts, 65 Ga.* 678; *Christian* v. *Macon Railway &c. Co., 120 Ga.* 314 (47 S. E. 923); *Moultrie Repair Co.* v. *Hill,* 120

*Ga.* 730 (3) (48 S. E. 143). This principle should be held applicable where a party introduces the testimony of his deceased adversary on a former trial. The defendant having introduced in evidence the testimony of the deceased plaintiff on the former trial, which contained his version of this controversy, it can not be said that the mouth of the decedent was closed by his death, and that his representative was deprived of his testimony on the trial of this case. Though dead, the decedent still speaks through his testimony touching the transaction involved in this case; and his personal representative had the full benefit of his sworn version thereof. In the circumstances the lips of the decedent were not closed. His representative was not deprived of his evidence at the trial of this case. Besides, the defendant had admitted a prima facie case in favor of the plaintiff, and the executor of the decedent had the benefit of this admission.

By the act of August 6, 1924, it was provided that the plaintiff or defendant, in any case then pending or which might be thereafter brought, may take and preserve his own testimony by interrogatories or depositions while both parties are in life and competent to testify, and such depositions or interrogatories shall be admissible in evidence upon the trial of the case, notwithstanding the death of either party; and on the trial of said case the opposite party is made competent to testify in rebuttal to the testimony contained in such depositions or interrogatories, Acts 1924, p. 62; 13 Park's Code Supp. 1926, § 5858, par. 8. Under this act, whenever the testimony of either party is taken by interrogatories or depositions while both parties are in life and competent to testify, such testimony is admissible in evidence on the trial of the case, although one of the parties has died since the testimony was taken. Whenever testimony is so taken, and thereafter one of the parties dies, the opposite party is competent to testify in rebuttal of such testimony; and this is so although such testimony of the deceased party may be introduced by the survivor, and for the reason in these circumstances the mouth of the decedent is not closed. Whether the surviving party, under this act, would be competent to testify in case the testimony of the deceased was not introduced, is not now for decision by this court. But it is said that the act of 1924 refers only to testimony taken by interrogatories or depositions, and that the testimony of the decedent was not so taken. As a word of legal

terminology, deposition is usually limited to the testimony of a witness, taken in writing, under oath or affirmation, before some judicial officer, in answer to interrogatories, oral or written. This word may be used in two senses. In its restricted and technical sense it is usually limited to the written testimony of a witness given in the course of a judicial proceeding at law or in equity. It is also a generic expression which embraces all written evidence verified by oath, and thus includes affidavits. *Baker* v. *Magrath,* 106 *Ga.* 419, 421 (32 S. E. 370) ; 18 C. J. 605, § 1. Notes of testimony taken on a former trial of the same suit, where there was an opportunity to cross-examine, substantially constitute depositions. Zell *v.* Benjamin, 1 Walk. (Pa.) 113. Where a party to a cause is sworn as a witness in his own behalf on the trial of a case which he loses, and where he moves for a new trial and files with the motion a brief of his testimony on the trial, which is duly approved by the court and made a part of the record, his testimony being given under oath in answer to interrogatories propounded by him, his testimony embraced in such brief amounts to a deposition within the meaning of the act of 1924. When the surviving party introduces such testimony on another trial of the case, he is a competent witness to rebut such testimony; and the judge erred in holding that the survivor was incompetent to testify as to transactions or communications with the deceased party, whose testimony was so preserved, under our evidence act.

*Judgment reversed. All the Justices concur.*

ATKINSON and GILBERT, JJ., concur in the ruling shown by the first division of the decision, but think it unnecessary to decide the other points dealt with, and express no opinion upon them.