## 51026. McKOY v. DOWNS.

WEBB, Judge.

Thomas DeFoor brought suit on a promissory note against Dean McKoy. One of McKoy's pleaded defenses was that he had been forgiven payment by DeFoor and discharged from any obligation to repay. DeFoor died before the case came to trial, and his executor was substituted as plaintiff. From the "Memorandum of decision, findings of fact, conclusions of law, and judgment," the thoroughness of which we commend,[1] it is clear that the court concluded that McKoy was incompetent to give any testimony in support of this defense on the authority of the "Dead Man's Rule," Code § 38-1603 (1). McKoy appeals. *Held:*

1. We reverse. Code § 38-1603 (1) applies only where "suit shall be instituted" by the personal representative of a deceased person. Where, however, "[a] plaintiff institutes a suit and dies pendente lite, and his executor is made a party in his stead, such suit is not one instituted by the executor, and the surviving defendant is not incompetent to testify as to transactions or communications with the deceased plaintiff." *McLendon v. Baldwin,* 166 Ga. 794 (1) (144 SE 271).

2. The claim of usury is patently without merit.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED SEPTEMBER 30, 1975.

*Kendric E. Smith,* for appellant.

*Parker, Groover, Pye & Poss, Carl W. Poss, Sr.,* for appellee.

---

[1] See *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471); *Reid v. Minter,* 135 Ga. App. 763.