## 59555. CAMP v. LUMSDEN.

SMITH, Judge.

Appellant, plaintiff below, brought this action to recover $10,000 plus interest and attorney fees on a demand note executed by appellee in favor of appellant's deceased. Appellant brings this appeal from an adverse jury verdict and enumerates as error the trial court's denial of her motion for a directed verdict and the denial of her motion for a new trial on the general grounds. Appellant further enumerates as error the admission of certain incompetent evidence contrary to Code § 38-1603. We affirm.

The evidence showed that in 1971 appellee borrowed $10,000 from his father, the deceased. A demand note was executed bearing 6% interest annually and secured by a deed to secure debt on appellee's Floyd County property. This deed was never recorded. In April, 1975 the property was sold and a deed to secure debt executed in favor of appellee. Later that month appellee transferred a one-half, undivided interest in the proceeds from this deed to the deceased; this amounted to $12,600 over a 15 year period. Appellee contended that this transaction was a novation of the debt and accord and satisfaction of the 1971 note.

1. Appellant cites as error the admission into evidence of appellee's testimony relating to certain transactions had with the deceased in 1975. Code § 38-1603(1) provides in part: "Where any suit shall be instituted . . . by a person insane at the time of trial . . . or the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person as to transactions or communications with such insane or deceased person . . . ."

The deceased was declared incompetent in May, 1977 and appellant, his daughter, was named as his guardian. Shortly thereafter, demand was made for payment of the 1971 note; when appellee refused to pay, this action was commenced by the daughter

as guardian. Subsequent to the commencement of the action, but prior to trial, the father died and appellant, as executrix of his estate, was substituted as plaintiff. Therefore, that portion of the statute relating to "a person insane at the time of trial" did not apply in this case. Nor was the other portion of the statute applicable since the suit was not *instituted* by the "personal representative of a deceased person." *McLendon v. Baldwin,* 166 Ga. 794(1) (144 SE 271) (1928).

2. Since the evidence is sufficient to support the verdict, the trial court properly denied appellant's motions for a directed verdict and new trial. *Speir v. Williams,* 146 Ga. App. 880 (247 SE2d 549) (1978).

*Judgment affirmed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

SUBMITTED MARCH 11, 1980 — DECIDED JULY 7, 1980.

*Harl C. Duffey, Jr.,* for appellant.
*Ronald Patton,* for appellee.