## S90A1262. HUGHES v. SCOTT.
### (400 SE2d 4)

HUNT, Justice.

Dr. R. Winfield Scott brought this quiet title action against Lois Hughes and Ralph Marler regarding property in Polk County. Mrs. Hughes claimed she was the sole owner of the property based on a 1972 deed, which deed Dr. Scott claimed was a forgery. Dr. Scott died during the litigation, and his son, Roger Scott, as the executor of his father's estate, was substituted as plaintiff. The case was tried to a special master who, applying the Dead Man's Statute, former Ga. Code Ann. § 38-1603, disregarded the testimony of Ralph Marler regarding the genuineness of the 1972 deed, which was the only evidence rebutting Dr. Scott's forgery claim. The trial court, adopting the special master's findings of fact and conclusions of law, declared the property vested in Dr. Scott's estate, and ordered the 1972 deed stricken from the Polk County land records.

The Dead Man's Statute was abolished in 1979 but contained a savings clause continuing its application to "transactions or occurrences which took place prior to July 1, 1979." Ga. L. 1979, p. 1961. However, the statute does not apply to this case, because the action was not "*instituted* . . . by the personal representative of a deceased person." (Emphasis supplied.) Where, as here,

> a plaintiff institutes a suit and dies pendente lite, and his executor is made a party in his stead, such suit is not one instituted by the executor, and the surviving defendant is not incompetent to testify as to transactions or communications with the deceased plaintiff.

*McLendon v. Baldwin,* 166 Ga. 794 (1) (144 SE 271) (1928); *McKoy v. Downs,* 135 Ga. App. 912 (219 SE2d 625) (1975).

*Judgment reversed. Clarke, C. J., Smith, P. J., Bell, Benham, Fletcher, JJ., and Judge Watson L. White concur; Weltner, J., not participating.*

DECIDED JANUARY 30, 1991.

*Parker & Lundy, Tambra P. Colston, James I. Parker,* for appellant.

*Marson G. Dunaway, Jr.,* for appellee.